RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 2 6 2015

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| WILEY CURRY,<br>　　　　　Plaintiff,<br><br>vs.<br><br>SYLVIA MATHEWS BURWELL, in<br>capacity as the Secretary of Department<br>of Health and Humans Services,<br>　　　　　Defendant. | CIVIL ACTION FILE NO.:<br><br>**1:15-CV-0242**<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW the Plaintiff, Wiley Curry, and hereby files his Complaint

against defendant, Sylvia Mathews Burwell, in her capacity as Secretary of U. S.

Department of Health and Human Services (HHS), on the following grounds:

## INTRODUCTION

1.

This is an action for employment discrimination based on physical disability

and non-affirmative action under the Rehabilitation Act of 1973, as amended, 29

U.S.C.,§ 791; fragmentation-partial dismissal of pending complaint; and failure to

amend original and process formal complaint under Equal Employment

1

## STATEMENT OF FACTUAL ALLEGATIONS

### 6.

At all times relevant, plaintiff was E-verified; NCIC and GCIC cleared through Federal and the State of Georgia's fingerprinting systems; a recipient of a Bachelor degree and Juris Doctorate degree; skilled in paralegal job duties with over twelve(12) years legal experience; and, was the best qualified individual to perform the essential functions of HHS' CDC's Agency's Paralegal Specialist(PS) position's job duties, with or without recommendations.

### 7.

HHS' CDC's Agency's Office of Diversity Management and Equal Employment Opportunity(ODMEEO's) Final Agency Decision(FAD) referred to plaintiff's three PS position's interviewers and one administrator as Responsible Management Official(RMO).  Therefore, plaintiff's Complaint also identifies his three RMOs' interviewers and one administrator as RMOs, as follows:

i. RMO-1, Lead-Interviewer, Mr. Rodrick P. Frazier, DSc, MBA, MHA, Chief Technology Management Branch, Division of Laboratory Policy and Practice, Office of Surveillance, Epidemiology and Laboratory Services;

ii. RMO-2, Interviewer, Ms Gwen Barnett;

4

   iii. RMO-3, Interviewer, Mr. Francisco "Paco" Candal; and,

   iv. RMO-4, Administrator, Ms. Jean Davis, the employee that escorted plaintiff

        to and from Century Center Building's interview room.

8.

On the morning of August 18th, 2011, plaintiff interviewed for HHS' CDC's PS position. Towards the beginning of the interview, plaintiff was, repeatedly, questioned by HHS' CDC's Agency's three RMOs, interviewers, about why such a highly educated and experienced guy, like plaintiff, was interested in filling HHS' CDC's Agency's PS position.

9.

Towards the middle of the interview, plaintiff received *disparate treatments* (i.e., was treated different from others applicants without disabilities) from the three RMOs, Interviewers, based on plaintiff's physical disability. Specifically, plaintiff was repeatedly questioned and asked about the specific of plaintiff's physical disability by the three RMOs, Interviewers, prior to RMO-1, Lead-Interviewer, Mr. Rodrick P. Frazier, telling plaintiff that his name was being moved forward for orientation and hire. A prima facie case was established since similar situated applicants without physical disabilities weren't treated the same as plaintiff during their hiring, resulting in abatement of their hire.

5

10.

Towards the end of the interview, RMO-1, Lead-Interviewer, Mr. Rodrick P. Frazier, told plaintiff that his name was being moved forward for orientation and hired.  Plaintiff was, then, given HHS' CDC's Agency's Technology Transfer Office's PS position's job duties' documents, by the three RMOs, interviewers, for plaintiff to use in his preparation for orientation and hire.  Plaintiff was also given RMO-1, Lead-Interviewer, Mr. Rodrick P. Frazier's, business card, address and email for plaintiff to use if he needed to contact RMO-1, Lead-Interviewer, Mr. Rodrick P. Frazier, with questions or concerns, prior to plaintiff's orientation and hire.

11.

At the conclusion of plaintiff's PS position interview, plaintiff provided RMO-1, Lead Interviewer, Mr. Rodrick P. Frazier, with, additional oral and expressed, personal medical information about the severity of plaintiff's physical disability; as the parties were exiting the interview room.  Plaintiff provided his personal medical information to RMOs, interviewers, because the three RMOs repeatedly questioned plaintiff about his physical disability, prior to telling plaintiff that he was being hired.

12.

Plaintiff was escorted from the interview room by RMO-4 Administrator, Jean Davis, and while RMO-4 Administrator, Jean Davis, was escorting plaintiff back to the building's main lobby RMO-4 gave plaintiff two(2) business folders and told plaintiff that he should use the two(2) business folders when plaintiff came back to HHS' CDC's Agency for his hire.

13.

After providing RMO-1, Lead Interviewer, Mr. Rodrick P. Frazier, with his personal medical information plaintiff suffered employment discrimination based on his physical disability; non-affirmative action in hiring and advancement; and, irreparable harm and damages when HHS' CDC's Agency's RMOs, Interviewers, abated plaintiff's hiring and all contact with plaintiff; prior to termination of the PS position due to alleged budget cuts.

14.

Between plaintiff's August 18th, 2011's interview and March 23rd, 2012's informal claims against HHS' CDC's Agency, plaintiff used the email, postal mail and telephone RMO-1, Lead Interviewer, Mr. Rodrick P. Frazier, gave plaintiff at his PS position's interview to use if plaintiff needed to contact RMO-1, Lead

Interviewer, Mr. Rodrick P. Frazier, prior to plaintiff's hire. Plaintiff spoke with

RMO-1, Lead Interviewer, Mr. Rodrick P. Frazier, on the telephone one time

during the above-mentioned time period, and at no time did RMO-1, Lead

Interviewer, Mr. Rodrick P. Frazier, ever state that plaintiff was no longer being

hire for HHS' CDC's Agency's PS position.  Plaintiff also sent emails and postal

mail to RMO-1, Lead Interviewer, Mr. Rodrick P. Frazier, and plaintiff's emails

received no replies and his postal mail was returned.

15.

On March 22nd, 2012, plaintiff called RMO-4 Administrator, Jean Davis,

with questions about plaintiff's orientation and hire for HHS' CDC's Agency's PS

position.  Upon answering the telephone and plaintiff identified himself to RMO-4

Administrator, Jean Davis, employee(RMO-4 Administrator, Jean Davis,) hesitated

for a moment and then told plaintiff that she didn't know who plaintiff were and

that RMO-4 Administrator, Jean Davis, had never dealt with plaintiff about any PS

position.

16.

On March 23rd, 2012, plaintiff filed his initial notice and informal claims for

employment discrimination based on physical disability and non-affirmative action

8

in hiring and advancement against HHS' CDC Agency alleging violations of, both, Sections 501 and 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C., § 791 and EEOC's MD-110; inter alia.

17.

On May 9th, 2012, plaintiff received an electronic email from HHS' CDC's Agency's ODMEEO's EEO Specialist, Dominique Elam, informing plaintiff that EEO Specialist, Dominique Elam, has been assigned to plaintiff's case to process plaintiff's pre-complaint intake process and informal stage's initial mandatory interview and final interview; as well as, ADR or informal resolution options for plaintiff's pending complaint for employment discrimination based on physical disability and non-affirmative action in hiring and advancement.

18.

The evidence show that, between May 9th, 2012 and August 24th, 2012, ODMEEO's EEO Specialist, Dominique Elam, sent plaintiff a plethora of emails which restrained plaintiff from moving forward with the filing and processing of plaintiff's pending complaint against HHS' CDC's Agency, in violation of 29 C.F.R. §§ 1614.105(g) and 1614.102(a)(2).

19.

On May 17th, 2012, ODMEEO's EEO Specialist, Dominique Elam, falsely

stated (in an email she sent to plaintiff) that EEO Specialist, Elam, had sent a

'Rights and Responsibilities forms and EEO Flow Chart' to plaintiff attached to

the aforesaid email, all in violation of 29 C.F.R. §§ 1614.102(a)(2) and 1614.105

(b)(1).  The evidence show ODMEEO's EEO Specialist, Elam, later, expressly,

admitted that she never sent the required forms and charts to plaintiff, nonetheless

ODMEEO still required plaintiff to timely reply just as if the aforesaid documents

had been sent to plaintiff by EEO Specialist, Elam; to plaintiff's detriment.

20.

On April 12th, 2012, HHS' CDC's Agency's ODMEEO's Administrator,

Gwenetta Bright, contacted plaintiff by telephone and left a message concerning

plaintiff's informal claims' pre-complaint intake and informal stages process.

Plaintiff returned ODMEEO's Administrator, Gwenetta Bright's, telephone call

that same day, but plaintiff was told she was out of the office; even though

ODMEEO's Administrator, Gwenetta Bright's, telephone message asked plaintiff

to return her call that same day.

21.

On April 17th, 2012, plaintiff sent ODMEEO's Complaints Manager, Debbie
A. Roberts, (by certified mail No.: **7010-0290-0002-3561-6608**) a memorandum
that fully explained plaintiff's informal claims for employment discrimination
and non-affirmative action in hiring and advancement against HHS' CDC's
Agency.  Plaintiff received notice that ODMEEO's Complaints Manager, Debbie
A. Roberts, was the official responsible for quality of plaintiff's informal claims
process and for resolving concerns and dissatisfactions that plaintiff may have with
HHS' CDC's Agency's ODMEEO's processing of plaintiff's pending informal
claims.

22.

Plaintiff did not received ODMEEO's Complaints Manager, Debbie A.
Roberts', decision, acknowledge and acceptance letter ( in response to plaintiff's
March 23rd, 2012's initial informal claims and his April 17th, 2012's memorandum
sent to Complaints Manager, Roberts, by certified mail) until on October 23rd,
2012.  Although, ODMEEO's Complaints Manager, Roberts', decision's envelope
was date stamped October 18th, 2012 and decision's letter date stamped October
16th, 2012.

23.

Lacking moral turpitude and in violation of 29 C.F.R. §§ 1614.105(g),

HHS' CDC's Agency's ODMEEO's EEO Specialist, Dominique Elam, **expressly,**

**restrained plaintiff from moving forward with the filing of plaintiff's pending**

**complaint** by ODMEEO's EEO Specialist, Elam's, expressed letter that counsel,

told and forced plaintiff to file a formal complaint for plaintiff's concerns and

dissatisfactions with ODMEEO's processing of plaintiff's pending complaint.

Plaintiff received EEO Specialist, Elam's, expressed letter on August 24th, 2012

and filed plaintiff formal complaint on or about September 6th, 2012.

24.

ODMEEO and its EEO Specialist, Elam's, expressed counseling, telling and

forcing plaintiff to file a formal complaint for his concerns and dissatisfaction with

HHS' CDC's Agency's ODMEEO's processing of plaintiff's pending complaint,

at that stage, caused plaintiff to suffer irreparable harm and damages, in his case.

Plaintiff detrimentally relied on ODMEEO's EEO Specialist, Dominique Elam's,

expressed counseling, telling and forcing plaintiff to file a formal complaint for

his concerns and dissatisfactions with ODMEEO's processing of his pending

complaint.  Plaintiff, timely, filled out the documents that were provided to him by

ODMEEO's EEO Specialist, Elam, and filed plaintiff's formal complaint, within

the required fifteen(15) days, on or about September 6th, 2012.  [**ATTACHMENT**

12

**# ONE, ODMEEO'S EEO Specialist, Dominique Elam', letter plaintiff received August 24th, 2012, but date stamped August 10th, 2012]**

25.

On October 23rd, 2012, plaintiff received ODMEEO's Complaints Manager, Debbie A. Roberts', decision, acknowledgment and acceptance letter which was date stamped October 16th, 2012.  HHS' CDC's Agency's ODMEEO's Complaints Manager, Debbie A. Roberts', decision fragmented and broke apart plaintiff's original pending complaint; renamed plaintiff's pending complaint 'Claim Number 1' and 'Claim Number 2'; and partially dismissed 'Claim Number 2' by alleging that, *"Prior to a request for a hearing, the agency shall dismiss an entire complaint or a portion   of a complaint that alleges dissatisfaction with the process of a complaint."* **[ATTACHMENT # TWO, ODMEEO's Complaints Manager, Debbie A. Roberts', decision plaintiff received October 23rd, 2012, but date stamped October 16th, 2012; see, pg. 2]**

26.

Plaintiff suffered irreparable harm and damages from ODMEEO's EEO Specialist, Dominique Elam's, expressed counseling, telling and forcing plaintiff, to file his 'Centers for Disease Control and prevention(CDC) Formal Individual Complaint Form for Employment Discrimination'(FICFED) and attached 'Formal Complaint and Complainant Affidavit' with HHS' CDC's Agency.

13

27.

In violation of 29 C.F.R., § 1614.101(b), ODMEEO's Regional Director, Reginald R. Mebane, retaliated against plaintiff, in ODMEEO's Regional Director, Mebane's FAD, for plaintiff opposing defendant's unlawful acts and omissions mentioned in this case. Thus in Regional Director, Mebane's, FAD he claimed that the part of plaintiff's pending complaint ODMEEO renamed 'Claim Number 2' was properly dismissed, under 29 C.F.R., § 1614.107(a)(8).

28.

Regional Director, Mebane, alleged, in his FAD, that partial dismissal was proper because plaintiff alleged dissatisfaction with the processing of plaintiff's pending complaint , even though EEO Specialist, Elam, counseled, told and forced plaintiff to file plaintiff's FICFED and attachments prior to plaintiff receiving Complaints Manager, Debbie A. Roberts', decision on plaintiff's original pending complaint. [**ATTACHMENT # THREE, ODMEEO's Regional Director, Reginald R. Mebane's, Final Agency Decision(FAD) plaintiff received September 17th, 2013, but date stamped August 22nd, 2013**]

29.

It was imperative for plaintiff to *amend* his original FICFED and attachments once plaintiff learned that ODMEEO's Complaints Manager, Debbie A. Roberts, had fragmented, broke apart, renamed and partially dismissed parts of

14

plaintiff's original pending complaint. ODMEEO and its EEO Specialist, Elam, counseled, told and forced plaintiff to file plaintiff's FICFED and attachments, even though ODMEEO and its EEO Specialist, Elam, knew plaintiff would suffer irreparable harm and damages under subpart (a)(8) of 29 C.F.R., § 1614.107.

30.

HHS' CDC's Agency's ODMEEO fail to provided plaintiff with the required 'Equal Employment Opportunity (EEO) Pre-Complaint Intake Form' which caused plaintiff to create one himself; fail to provided plaintiff with pre-complaint intake process and informal stage's initial mandatory interview and final interview; and, Alternative Dispute Resolution(ADR) or the informal resolution options with HHS' CDC's Agency, all in violation of 29 C.F.R., § 1614.105(b)(1) & (b)(2). Therefore, in violation of 29 C.F.R., § 1614.105(g), ODMEEO's EEO Specialist, Elam, fail to restrain from abating plaintiff's right to move forward with the filing of his pending complaint.

31.

Plaintiff also received, absolutely, no counseling from ODMEEO and its EEO Specialist, Dominique Elam, on plaintiff's rights and responsibilities, including the right to request a hearing after an investigation by the agency, election rights pursuant to 1614.301 and 1614.302, the right to file a notice of intent to sue pursuant to 1614.201(a), plaintiff's duty to mitigate damages,

15

administrative and court time frames, and(most damaging to plaintiff) that only the

matter(s) raised in pre-complaint counseling (or issues like or related to issues

raised in pre-complaint counseling) could be alleged by plaintiff in his subsequent

complaint(i.e., FICFED and attachments); all in violation of 29 C.F.R., §

1614.105(b)(1), (b)(2) & (c).

32.

Plaintiff contacted HHS' CDC's ODMEEO's Regional Director, Reginald

R. Mebane-MS; Complaints Manager, Debbie A. Roberts; and, EEO Manager,

Michael Radford, by certified mails during the months of March, April, and May

of year 2012.  Plaintiff notified ODMEEO's officials responsible for quality of

complaint process of plaintiff's concerns and dissatisfaction with ODMEEO's

processing of plaintiff's pending complaint.  [See, EEOC's MD-110, Ch. 5, §

IV(D.)(1.)&(3.)(b.) (Nov. 9, 1999)]  ODMEEO did not take any actions to resolve

plaintiff's concerns and dissatisfactions with HHS' CDC's Agency's ODMEEO's

failure to process plaintiff pending complaint.  [See, EEOC's MD-110, Ch. 5, §

IV(D)(1.)&(2.) (Nov. 9, 1999)]

33.

Plaintiff responded to HHS' CDC's Agency's ODMEEO's Complaints

Manager, Debbie A. Roberts', decision, acknowledgment and acceptance letter,

within seven(7) days, on or about October 29th, 2012.  Plaintiff's written response

noticed ODMEEO that plaintiff's informal claims were incorrectly identified.

34.

On December 7th, 2012, plaintiff amended his original FICFED and attached

'Formal Complaint' and 'Complainant's Affidavit' with HHS' CDC's Agency's

OMDEEO.  Plaintiff amended his original FICFED and attachments prior to HHS'

CDC's Agency's EEO Investigator, Dawn Kamara, concluding her Report of

Investigation(ROI); prior to others concluding any formal complaint investigation;

and, prior to the required notice under 29 CFR § 1614.108(f).  [See, 29 C.F.R.,

§1614.106(d) and EEOC MD-110, Ch. 5-9,]

35.

The evidence show plaintiff never previously filed any claims with HHS'

CDC's Agency, nor with any other relevant entity, but only amended his original

FICFED and attachments within the required seven(7) days and file a formal

complaint, for plaintiff's concerns and dissatisfaction with ODMEEO's restraining

his complaint filing process; under the directions of HHS' CDC's Agency's ODMEEO's directions.

36.

ODMEEO failed to impartially and appropriately investigate plaintiff's pending complaint and to develop an impartial and appropriate factual record upon which to make findings on plaintiff's case, under 29 C.F.R., § 1614.108(b).

37.

On September 17th, 2013, plaintiff received HHS' CDC's Agency's ODMEEO's Regional Director, Reginald R. Mebane's, FAD, and on or about October 14th, 2013 plaintiff filed his 'Notice of Appeal/Petition to the Equal Employment Opportunity Commission(EEOC's) Office of Federal Operations (OFO).

38.

Plaintiff received EEOC's OFO's appellate decision on or about October 29th, 2014 and, timely, responded with plaintiff's request for reconsideration on November 24th, 2014.  Having received EEOC's OFO's expressed notice of plaintiff's right-to-sue on or about the 29th day of October 2014, plaintiff timely

files his Complaint within this District Court within ninety(90) days of plaintiff's

October 29th, 2014's notice date.

39.

Plaintiff has fulfilled all administrative prerequisites prior to filing this civil

action.

## COUNT ONE
## <u>VIOLATION OF THE REHABILITATION ACT</u>

40.

Plaintiff incorporates by reference all of the allegations contained in the

preceding paragraphs of this Complaint as if alleged fully herein.

41.

At all times relevant, defendant was a federal agency subject to the

Rehabilitation Act of 1973, 29 U.S.C., § 791.

42.

Defendant caused plaintiff to suffer employment discrimination based on

physical disability and non-affirmative action in hiring and advancement by; *one*,

causing plaintiff to suffer disparate treatments(i.e., being treated different from

others applicants without disabilities) by defendant's three RMOs, Interviewers,

19

based on plaintiff's physical disability; *two*, defendant repeatedly questioning and asking about the specifics of plaintiff's personal medical information during the job interview, prior to defendant's RMO-1, Lead-Interviewer, Mr. Rodrick P. Frazier, informing plaintiff that his name was being moved forward for orientation and hire; and, *three*, upon gleaning, the specifics of plaintiff's personal medical information, defendant abated all employment, hiring and advancement procedures and contacts pertaining to plaintiff's PS position hire based on plaintiff's physical disability.

43.

A prima facie case for employment discrimination based on physical disability and non-affirmative action in hiring and advancement is established in this case because similar situated applicants without physical disabilities weren't treated the same as plaintiff during their hiring and resulting in abatement of their hire.  Defendant's above-mentioned acts and omissions were taken in violation of Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.,§ 791.

44.

At all times relevant, plaintiff was the best qualified individual to perform the essential functions of HHS' CDC's Agency's Paralegal Specialist(PS)

position's job duties, with or without recommendations, as defined in 29 CFR §1614.203 of the Rehabilitation Act.

45.

Plaintiff's physical conditions constitute a known or perceived impairment that substantially limits one or more of his major life activities, as plaintiff satisfies the three-part evidentiary scheme fashioned by the Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973)

46.

Defendant intentionally violated Section 501 of the Rehabilitation Act of 1973, as amended, by causing plaintiff to suffer ***disparate treatment*** from HHS' CDC's Agency's treating plaintiff different from other Applicants for Federal employment, without physical disabilities; inasmuch as, defendant asked him personal medical questions prior to plaintiff being told he would be hired and then abated all hiring opportunities for plaintiff based on his physical disability.

47.

Defendant did remove plaintiff's name with the intent to hire another applicant after plaintiff was, absolutely, told his name was being moved forward for orientation and hire, and plaintiff was given defendant's business card, PS

21

position's job duties documents, and defendant's business folders to use during plaintiff's PS position's hiring process; all caused plaintiff to rely to his detriment on being hired by defendant, as proof of prima facie case varies depending on the facts of the case. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. at 804, n. 14.

48.

Defendant is unable to carry its shifting burden because defendant cannot provide a legitimate, non-discriminatory reason for defendant's three RMOs, Interviewers, informing plaintiff, at his August 18th, 2011's PS position interview, that plaintiff's name was being moved forward for orientation and hire, providing plaintiff with defendant's business card, job duties and business folders to use in plaintiff's orientation and hire for reasons other than employment discrimination based on plaintiff's physical disability and non-affirmative action in hiring and advancement. <u>Affairs v. Burdine</u>, 450 U.S. 248, 254 (1981)

49.

Defendant's burden is a burden of production and not persuasion and defendant can only met its burden by offering admissible evidence sufficient for a trier-of-fact to conclude that defendant told plaintiff, at the interview, that plaintiff's name was being moved forward for orientation and hire, and that

22

defendant gave plaintiff defendant's personal business cards, PS position's job

duties documents, and business folders all for plaintiff not to be hired by

defendant.  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509 (1993)

50.

Defendant's allegations and explanations are pretextual since plaintiff's

*prima facie* case is established without rebuttal from defendant (combined with

the above-mentioned sufficient evidence to find that defendant's asserted

legitimate justification are false) permits this Honorable Court to find defendant

unlawfully discriminated against plaintiff as pled herein.   Reeves v. Sanderson

Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097 (June 12, 2000)

Defendant's actions against plaintiff were discriminatory since defendant's actions

had no non-discriminatory legitimate purpose.  Reeves v. Sanderson Plumbing

Products, Inc., 530  U.S. 133, 120 S. Ct. 2097 (2000); St. Mary's Honor Center v.

Hicks, 509 U.S. 502, 519 (1993)

51.

Defendant is unable to articulate a legitimate and nondiscriminatory reasons

for its conduct in abating defendant's decision to move plaintiff's name forward

for orientation and hire prior to budget cuts, then after gleaning plaintiff's personal

23

medical information, prior to hiring plaintiff, abating his hire.  United States Postal Service Board of Governors v. Aiken, 460 U.S. 711, 713-17 (1983)

52.

Defendant canceled the PS position's vacancy announcement after abating plaintiff's selection and then hiring another in plaintiff's place, and then terminating that selection after having first discriminated against plaintiff based on physical disability, therefore plaintiff suffered actionable harm from his detrimental reliance on defendant on actions.  Van Nest v. Department of the Army, EEOC Request No. 05940969 (May 18, 1995)

53.

As a result of defendant's violations of the Rehabilitation Act of 1973, as amended, defendant treated plaintiff unfavorably, denied plaintiff employment, hiring, advancement, pay, back wages, future income, opportunity to advance, medical benefits, job training and other compensatory damages, all to be determined at trial.

54.

Plaintiff has fulfilled all prerequisites to filing this lawsuit; including, but not limited to receiving a right-to-sue letter from EEOC's OFO. [**ATTACHMENT # FOUR, EEOC's OFO's DECISION's Right-to-sue page**]

55.

If plaintiff prevails on his claims, plaintiff is entitled to all statutory remedies and an award of costs, fees and other relief the District Court deems proper and just.

## COUNT TWO
## VIOLATION OF EEOC'S MD-110, CHAPTER 5, §§ III & IV AND 28 C.F.R.§ 1614

56.

Plaintiff incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as if alleged fully herein.

57.

Defendant *fragmented* plaintiff's original pending complaint process which was a violation of EEOC's MD-110, CHAPTER 5, § III.  Defendant's fragmenting and breaking apart plaintiff's pending complaint compromised plaintiff's ability to

present an integrated and coherent claim of an unlawful employment practice for which there is a remedy under the federal equal employment statutes.

58.

Defendant's FAD's rationale for its *partial dismissal* was a mistake of fact and law in violation of 29 C.F.R., § 1614.107(a)(8) and EEOC's MD-110, Chapter 5, § III., C. (Nov. 9, 1999)  The, admissible, direct evidence show that plaintiff's expressly contacted defendant's officials responsible for the quality of plaintiff's pending complaint process and that defendant fail to resolve during plaintiff's informal process, therefore plaintiff raised his concerns and dissatisfaction with EEOC's OFO pursuant to statutes.  EEOC's MD-110, CHAPTER 5, § IV., D., (1)&(3)

59.

Hence it was a violation of 29 C.F.R., § 1614.107(a)(8) and EEOC's MD-110, Chapter 5, § III., F., for defendant to fail to process plaintiff's concerns and dissatisfaction as part of plaintiff's original pending complaint.  As a result of plaintiff following defendant's, expressed, counseling, telling and forcing him to fill-out the forms defendant sent to plaintiff concerning plaintiff's dissatisfaction with never receiving ANY initial mandatory interview, final interview, ADR or

informal resolution options, plaintiff's ability to present an integrated and coherent claim of an unlawful employment practice, for which there is a remedy under the federal equal employment statutes, was severely compromised.

60.

Defendant's failure to accept and *amend plaintiff original formal complaint* was a violation of EEOC's MD-110, Chapter 5, § III., B.  Plaintiff amended his original FICFED and attachments prior to defendant's EEO Investigator, Dawn Kamara, concluding her Report of Investigation(ROI); prior to others concluding any formal complaint investigation; and, prior to the required notice under 29 CFR § 1614.108(f).  [See, 29 C.F.R., §1614.106(d) and EEOC's MD-110, Chapter 5, § III., B.]

61.

As a result of defendant's failure to process plaintiff's amendment to his original pending complaint, plaintiff's ability to present an integrated and coherent claim of an unlawful employment practice, for which there is a remedy under the federal equal employment statutes, was severely compromised.

**WHEREFORE**, Plaintiff, respectfully, prays for judgment against the Defendant as follows:

(a) Defendant be permanently enjoined from discriminating against Plaintiff on any basis prohibited by the Rehabilitation Act of 1973, as amended, and EEOC's MD-110;

(b) Defendant be ordered to allow Plaintiff to fill a substantially similar position to the one from which Plaintiff's orientation and hire was abated, with full salary, seniority, and benefits running from the date of Plaintiff's original orientation and hire;

(c) Defendant be ordered to compensate, reimburse, and make whole Plaintiff for all the benefits Plaintiff would have received had it not been for Defendant's illegal actions; including, but not limited to, back pay, benefits, bonuses, raises, training, promotions, seniority and any other relief available to Plaintiff under the law;

(d) An award of compensatory damages in a amount determined by the jury;

(e) An aware of front pay if Defendant refuses to give Plaintiff job position as requested above;

(f) That, where applicable, Plaintiff recover reasonable attorney's fees, including litigation expenses and costs;

(g) That Plaintiff recover pre-judgment interest; and,

(h) That Plaintiff recovers such other relief as the Court deems proper and just.

## JURY DEMANDED

Plaintiff demands trial by jury on all issues in this action.

Respectfully submitted, this 26th day of January 2015.

WILEY CURRY, PLAINTIFF, Pro Se

POST OFFICE BOX 190411
ATLANTA, GEORGIA 31119-0411
TELEPHONE: (678) 663-3602
EMAIL: curryylee4444@yahoo.com